873 F.2d 1452
 11 U.S.P.Q.2d 1646
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHAPARRAL COMMUNICATIONS, Plaintiff-Appellant,
v.
BOMAN INDUSTRIES, INC., Defendant-Appellee.
 No. 88-1493.
 United States Court of Appeals, Federal Circuit.
 April 20, 1989.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and ARCHER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Central District of California is vacated insofar as it granted summary judgment in favor of the appellee, Boman Industries, Inc. (Boman), that U.S. Design Patent No. 272,910 ('910 patent) is unenforceable because of inequitable conduct during prosecution of the patent application and awarded Boman attorney fees incurred in defending against that patent infringement claim, and the case is remanded to the district court. The judgment is affirmed insofar as it held that the claim by Chaparral Communications, Inc. (Chaparral) that Boman infringed Chaparral's trademark was barred by a prior release by Chaparral, and awarded Boman attorney fees incurred in defending against that claim.
 
 OPINION
 
 2
 * The present appeal involves allegations by Chaparral (1) that Boman infringed Chaparral's '910 design patent claiming a design for a feedhorn for an antennae receiver, which is used to focus and capture television signals emanating from satellites, and (2) that Boman's use of its trademark POLAR-MATIC infringed Chaparral's trademark POLAROTOR.
 
 
 3
 The district court granted summary judgment for Boman on both of these claims. Chaparral Communications, Inc. v. Boman Indus., No. CV 83-7215 PAR (C.D.Cal. Feb. 6, 1986). The court held that Chaparral had engaged in inequitable conduct in prosecuting the design patent application by failing to disclose a material prior art reference and features of its design that were functional. The court further held that a release Chaparral had given to Boman in prior litigation between them covered the trademark infringement claim Chaparral asserted in this case. The court awarded Boman the attorney fees it incurred in defending against both of these claims.
 
 II
 
 4
 In holding that Chaparral had engaged in inequitable conduct in prosecuting the '910 patent application, the district court applied the two-part test of J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc., 747 F.2d 1553, 1559-60, 223 USPQ 1089, 1092 (Fed.Cir.1984), that to establish inequitable conduct it must be shown both that the information withheld from the Patent Office was material and that the withholding was intentional. The district court's ruling on intent rested on the court's findings that it was "reckless" of Chaparral not to disclose the two items withheld, and the court concluded that such "reckless" nondisclosure "constituted gross negligence under the inequitable conduct test." Chaparral, slip op. at 23. In Lex Tex, supra, we stated that "gross negligence is sufficient" to show intent.
 
 
 5
 In a recent decision, rendered after the district court's decision in this case, this court held in banc that
 
 
 6
 a finding that particular conduct amounts to "gross negligence" does not of itself justify an inference of intent to deceive; the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.
 
 
 7
 Kingsdown Medical Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988).
 
 
 8
 In light of Kingsdown, the judgment of the district court that the '910 design patent is unenforceable must be vacated and the case must be remanded for the court to reconsider its finding of intent. The award of attorney fees to Boman also must be vacated.
 
 III
 
 9
 A. During the pendency of the prosecution of the design patent application, Chaparral had filed an action in the district court against Boman, charging Boman with unfair competition. The parties settled that suit and Chaparral executed a release under which it
 
 
 10
 hereby releases and forever discharges the Releasees [Boman] ... of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses, of any nature whatsoever, known or unknown, fixed or contingent, direct or indirect (collectively referred to as "Claims"), which Releasing Party now has or hereafter may have against the Releasees, or any of them, arising out of, based upon or related in any way to any matter, cause or thing from the beginning of time to the date hereof, including, without limitation, any and all Claims which were or could have been asserted [in the unfair competition suit].
 
 
 11
 The release expressly waived Chaparral's rights under a California statute that might have limited the release of unknown or unsuspected claims then in existence.
 
 
 12
 In holding that this release barred the assertion of Chaparral's trademark infringement claim, the district court ruled that Chaparral "has not proffered specific facts rebutting defendant's showing that Boman used the mark POLOR-MATIC on packaging for and in connection with advertising and sale of EFH-75 feedhorns in the summer of 1982," "prior to the execution of the November 29, 1982 Release." Chaparral at 5-6. The court stated that Chaparral could not "avoid the clear and unambiguous waiver it agreed to after having engaged in arms length negotiations with a competitor." Id. at 7.
 
 
 13
 Chaparral contends that there was a genuine issue of material fact concerning Boman's use of its mark in the summer of 1982 because, it asserts, the use was in a "non-trademark manner." A copy of Boman's advertisement for its product containing a picture of the feedhorn, however, is clearly labeled, in capital letters, "POLAR-MATIC Feed," and Chaparral does not dispute the fact of such use.
 
 
 14
 The district court's ruling that the use was for a trademark purpose was not clearly erroneous. The district court committed no error in concluding that this use would have permitted Chaparral to include a trademark infringement claim in its unfair competition complaint, and that the release therefore bars the trademark infringement claim in the present case.
 
 
 15
 Chaparral argues that trademark infringement is a continuing tort, so that each act of infringement constitutes a new and different cause of action. In the release, however, Chaparral waived any right to assert injuries sustained from any tort, continuing or not, of which it was or could have been on notice at the time of the release. In so doing, Chaparral waived the right to sue for any claim which could properly have been asserted prior to the execution of the release. Despite alleged continuing acts of infringement, the release bars the claim for trademark infringement.
 
 
 16
 B. The court held that Boman was entitled to attorney fees under 15 U.S.C. Sec. 1117(a) (1982), which states, in pertinent part:
 
 
 17
 The court in exceptional cases may award reasonable attorney fees to the prevailing party.
 
 The court found that
 
 18
 Chaparral acted in bad faith when it settled its first civil action and signed [the] general release, and then filed another civil action for trademark infringement when it knew or should have known Bowman was using the POLOR-MATIC mark in November 1982.
 
 
 19
 Id. at 27.
 
 
 20
 In reviewing the award of attorney fees in a trademark case, we apply regional circuit law. Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575, 223 USPQ 465, 471 (Fed.Cir.1984). The Ninth Circuit reviews the award of such attorney fees under the abuse-of-discretion standard. Quesada v. Thomason, 850 F.2d 537 (1988). The Ninth Circuit has summarily affirmed the award of attorney fees in a trademark case where the district court found "bad faith" by the losing party. Grey v. Campbell Soup Co., 650 F.Supp. 1166, 231 USPQ 562 (C.D.Cal.1986), aff'd, 830 F.2d 197 (1987).
 
 
 21
 There is substantial evidence to support the finding of bad faith in Chaparral's prosecution of the trademark infringement claim. The district court did not abuse its discretion in awarding Boman attorney fees incurred in defending against that claim.